# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CRIMINAL MINUTES - GENERAL

| Case No. | 2:18-cr-172-GW | Date | December 11, 2018 |
|---|---|---|---|
| Title | United States v. Kelly Deshannon | | |

Present: The Honorable Steve Kim, U.S. Magistrate Judge

| Connie Chung | n/a |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Government: | Attorneys Present for Defendant: |
|---|---|
| n/a | n/a |

**Proceedings:** (IN CHAMBERS) **ORDER OF DETENTION**

The Court conducted a detention hearing on the motion of the Defendant for reconsideration of the Court's detention order in light of new information (ECF 277).

☒ The Court concludes that the Government is entitled to a rebuttable presumption that no condition or combination of conditions will reasonably assure the defendant's appearance as required and the safety of any person or the community [18 U.S.C. § 3142(e)(3)].

☒ The Court finds that the defendant ☒ has ☐ has not rebutted the presumption under 18 U.S.C. § 3142(e)(3) by sufficient evidence to the contrary, but still warrants detention after consideration of the presumption along with the other factors discussed below.

\* \* \*

The Court finds that no condition or combination of conditions will reasonably assure:
  ☒ the appearance of the defendant as required (as proven by a preponderance of the evidence).
  ☒ the safety of any person or the community (as proven by clear and convincing evidence).

**CRIMINAL MINUTES - GENERAL**

| Case No. | 2:18-cr-172-GW | Date | December 11, 2018 |
|---|---|---|---|
| Title | United States v. Kelly Deshannon | | |

The Court bases its findings (in addition to any made on the record at the hearing) on the following grounds:

As to risk of non-appearance:

- ☐ Lack of bail resources or financially responsible sureties
- ☐ Refusal to interview with Pretrial Services
- ☒ No stable employment
- ☒ Criminal conduct while on probation
- ☐ Ties to foreign countries
- ☒ Presumption [18 U.S.C. § 3142(e)]
- ☒ Weight of the evidence (given the least amount of weight)
- ☒ Length of potential incarceration if convicted because of 924(c) charge
- ☒ History of substance abuse
- ☐ Lack of significant community or family ties to this district
- ☐ Lack of legal status in the United States
- ☐ Use of alias(es) or false documents
- ☐ Prior attempt(s) to evade law enforcement
- ☐ Subject to removal or deportation after serving any period of incarceration
- ☒ Reasons set forth in PTS Report adopted by Court
- ☒ Assessment by state probation officer that Defendant is not amenable to court supervision

As to danger to the community:

- ☒ Nature of previous criminal convictions or prior criminal history
- ☒ Allegations in present charging document
- ☒ History of substance abuse
- ☐ Already in custody on state or federal offense
- ☒ Presumption [18 U.S.C. § 3142(e)]
- ☐ History of violence or use of weapons

**CRIMINAL MINUTES - GENERAL**

| Case No. | 2:18-cr-172-GW | Date | December 11, 2018 |
|---|---|---|---|
| Title | United States v. Kelly Deshannon | | |

☒ Participation in criminal activity while on probation
☒ Reasons set forth in PTS Report adopted by Court
☐

    In reaching this decision, the Court considered: (a) the nature and circumstances of the offense(s) charged, including whether the offense is a crime of violence, a federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device; (b) the weight of evidence against the defendant; (c) the history and characteristics of the defendant; and (d) the nature and seriousness of the danger to any person or the community. [18 U.S.C. § 3142(g)] The Court also considered the evidence presented at the hearing, the arguments of counsel, and the report and recommendation of the U.S. Pretrial Services Agency.

    **IT IS THEREFORE ORDERED that the defendant be detained until trial.** The defendant will be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant will be afforded reasonable opportunity for private consultation with counsel. On order of a Court of the United States or on request of any attorney for the Government, the person in charge of the corrections facility in which defendant is confined will deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding. [18 U.S.C. § 3142(i)]